# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:_____

RIGHTHAVEN LLC, a Nevada limited-liability company,

        Plaintiff,

v.

EUROPEAN-AMERICAN UNITY AND RIGHTS ORGANIZATION (EURO), a Louisiana non-profit corporation; and
DAVID E. DUKE, an individual,

        Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Righthaven LLC ("Righthaven") complains as follows against European-American Unity and Rights Organization (EURO), a Louisiana non-profit corporation ("EURO"), and David E. Duke ("Mr. Duke"; collectively with EURO known herein as the "Defendants"), on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4.      EURO is, and has been at all times relevant to this lawsuit, a Louisiana non-profit corporation.

5.      EURO is, and has been at all times relevant to this lawsuit, identified by the current registrar, DirectNIC.com, Inc. ("DirectNIC"), as the registrant of the Internet domain found at <whitecivilrights.com> (the "Domain").

**6.**     Mr. Duke is, and has been at all times relevant to this lawsuit, identified by the Louisiana Secretary of State as the "President" and "Director" of EURO.

7.      Mr. Church is, and has been at all times relevant to this lawsuit, identified by DirectNIC as the administrative contact of the Domain (the content accessible through the Domain and the Domain itself known herein as the "Website").

## JURISDICTION

8.      This Court has jurisdiction over the subject matter and the parties under the copyright laws of the United States, 17 U.S.C. § 101 et seq., as well as jurisdictional provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

9.      Righthaven is the owner of the copyright in and to the photograph entitled: "TSA Agent performs enhanced pat-downs" (the "Work"), attached hereto as Exhibit 1.

10.     On or about November 24, 2010, the Defendants willfully reproduced the Work on an unauthorized basis, from a source emanating from Colorado.

11.     On or about November 24, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, on the Website.

12.     The composition, at least in part, of the Work and the Infringement, is a Transportation Security Administration Agent performing an enhanced pat-down search in the Denver, Colorado airport.

13.     The focal point of the Infringement is Denver, Colorado.

14. The only geographic location that is associated with, and related to the Work, is Denver, Colorado.

15. The Work was originally published in *The Denver Post*.

16. The Defendants knew that the Work was originally published in *The Denver Post*.

17. The Defendants knew that the Work originally emanated from Colorado.

18. At all times relevant to this lawsuit, the Infringement, as publically displayed on the Website, was and is accessible to persons in Colorado.

19. At all times relevant to this lawsuit, the Infringement occurred and continues to occur in Colorado.

20. The Defendants' display of the Infringement was and is purposefully directed at Colorado residents.

21. The harm caused by the Infringement, was experienced, at least in part, in Colorado.

22. The Defendants knew, or reasonably should have known, that websites, such as the Website, are and were at all times relevant to this lawsuit, the habitual subject of postings by others of copyright-infringing content.

23. At all times relevant to this lawsuit, the Defendants did not institute any proactive policy of precluding, or attempting to preclude, the postings by others of copyright-infringing content on the Website.

24. At all times relevant to this lawsuit, the Defendants did not institute any proactive policy of monitoring, or attempting to monitor, the postings by others of copyright-infringing content on the Website.

25. At all times relevant to this lawsuit, the Defendants did not institute any proactive policy of deleting, or attempting to delete, the postings by others of copyright-infringing content on the Website.

26. At all times relevant to this lawsuit, the Defendants' failure to institute any proactive policies intended to address the postings by others of copyright-infringing content on the Website constituted and constitutes the Defendants' willful blindness to copyright infringements occurring on the Website.

## VENUE

27. The United States District Court for the District of Colorado is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because the Defendants are subject to personal jurisdiction in Colorado.

28. The United States District Court for the District of Colorado is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Colorado.

## FACTS

29. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(5).

30. Righthaven is the owner of the copyright in and to the Work.

31. The Work was originally published on or about November 18, 2010.

32. On December 8, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number VA0001751279 (the "Registration") and attached hereto as Exhibit 3 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

33. On or about November 24, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

34. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

35. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

36. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 35 above.

37. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

38. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

39. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

40. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

41. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

42. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

43. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

44. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

45. EURO has willfully engaged in the copyright infringement of the Work.

46. Mr. Duke has willfully engaged in the copyright infringement of the Work.

47. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

48. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

    c. All financial evidence and documentation relating to the Defendants' use of the Work;

  3. Direct DirectNIC, and any successor domain name registrar for the Domain, to lock the Domain and transfer control of the Domain to Righthaven;

  4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

  5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

  6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

  7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

  Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

  Dated this fourth day of February, 2011.

            By: /s/ Steven G. Ganim
            STEVEN G. GANIM, ESQ.
            Righthaven LLC
            9960 West Cheyenne Avenue, Suite 210
            Las Vegas, Nevada 89129-7701
            Tel: (702) 527-5900
            Fax: (702) 527-5909
            sganim@righthaven.com

            SHAWN A. MANGANO, ESQ.
            SHAWN A. MANGANO, LTD.
            9960 West Cheyenne Avenue, Suite 170
            Las Vegas. Nevada 89129-7701
            Tel: (702) 304-0432
            Fax: (702) 922-3851
            shawn@manganolaw.com

            *Attorneys for Plaintiff Righthaven LLC*